[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10601
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00006-SPM-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIUS DARANN COLLIER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 8, 2011)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Darius Darann Collier appeals the part of his 106-month sentence that was

imposed on 3 counts of his 4-count indictment, after pleading guilty to possession

with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Collier does not challenge the 60-month consecutive sentence imposed for his conviction of possession of a firearm in furtherance of a drug trafficking offense. Instead, Collier argues that his 46-month sentence, which is at the lowest point of the applicable guideline range, is substantively unreasonable because the district court did not adequately consider the sentencing factors of 18 U.S.C. § 3553(a), or determine whether the sentence was sufficient, but not greater than necessary, to meet the purposes of sentencing, and therefore the court abused its discretion by not varying downward from the guideline range. Collier contends that the court did not consider his rehabilitative efforts, family support, or the facts of the offense, and unjustifiably relied on one factor—his criminal history.

In the sentencing regime existing after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), sentencing decisions are reviewed on appeal for reasonableness. *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586,

594, 169 L.Ed.2d 445 (2007). A review for reasonableness requires us to apply a deferential abuse-of-discretion standard to the sentence of the district court, whether the sentence is inside or outside the guidelines range. *Id.* at 41, 128 S.Ct. at 591. Specifically, such a review requires us to invoke a two-step process to evaluate procedural and substantive reasonableness. *Id.* at 51, 128 S.Ct. at 597. If a district court's decision is procedurally sound, then we review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances. *Id.*; *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008).

To arrive at a substantively reasonable sentence, the district court must give consideration to the sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Section 3553(a) first states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," namely, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, adequately deter criminal conduct, protect the public, and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider the following factors in imposing a sentence: the nature and circumstances of the offense and the history and characteristics of the

defendant, the kinds of available sentences, the sentencing guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide for restitution to victims. 18 U.S.C. § 3553(a)(1) and (3)-(7); *Talley*, 431 F.3d at 786.

On appeal, the "highly deferential" review for substantive reasonableness does not involve the consideration of each individual decision made during sentencing. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007). Instead, it requires a review of only the final sentence for reasonableness in light of the § 3553(a) factors. *Id.* "[T]here is a range of reasonable sentences from which the district court may choose," and ordinarily, we expect a sentence within the guidelines range to be reasonable. *Talley*, 431 F.3d at 788. "The district court must evaluate all of the § 3553(a) factors when arriving at a sentence, but is permitted to attach great weight to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir.), *cert. denied*, 129 S.Ct. 2847 (2009) (quotation and citation omitted). On appeal, we must determine if the sentence "fail[ed] to achieve the purposes of sentencing as stated in section 3553(a)." *Talley*, 431 F.3d at 788. The burden of establishing that the sentence is unreasonable, considering both the record and the § 3553(a) factors, is on the party challenging the sentence. *Id.*

After a review of the record and consideration of the parties' briefs, we conclude that Collier's total 46-month sentence on 3 counts of the indictment was substantively reasonable. In light of all the evidence that was presented at sentencing and the court's statement that it had considered the § 3553(a) factors, Collier has not shown that the court abused its discretion in refraining from varying downward, and in imposing a sentence at the lowest point of the guideline range. Accordingly, we affirm the total sentence.

**AFFIRMED.**